917 F.2d 25
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John E. ROSE, Defendant-Appellant.
 No. 90-5263.
 United States Court of Appeals, Sixth Circuit.
 Oct. 24, 1990.
 
 Before BOYCE E. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 John Ed Rose was convicted of conspiracy to distribute cocaine, possession with the intent to distribute cocaine, and carrying and using a firearm during and in relationship to a drug trafficking crime, in violation of 21 U.S.C. Sec. 846, 21 U.S.C. Sec. 841(a)(1), and 18 U.S.C. Sec. 924(c). Rose's primary contention on appeal is that the district court erred in ruling that the evidence presented was sufficient to support a conspiracy conviction. Rose also claims that he is a victim of selective prosecution with regard to the gun charge, and that the sentencing guidelines were misapplied and are an unconstitutional violation of the eighth amendment prohibition of cruel and unusual punishment. For the following reasons, we affirm.
 
 
 2
 John Ed Rose was arrested on May 1, 1989, in Room 212 of the Cultra Motor Inn in Union City, Tennessee. Rose had come to the hotel to meet Kenneth Robertson for the purpose of paying Robertson $2,300 Rose owed as partial payment for six ounces of cocaine which Robertson had "fronted" him. Rose had received the cocaine after Robertson had acquired one kilogram from a Florida source from which Robertson and his partners, Jimmy Cal Jackson and Denzel Dewey Griffin, had arranged to purchase up to seven kilograms. Unbeknownst to Rose, Robertson had been arrested earlier in the day and had agreed to cooperate with federal officials. When Rose attempted to make payment he was arrested by an FBI Special Agent who was hiding in the bathroom. Following the arrest, Rose's vehicle was searched and found to contain a .32 caliber revolver, 43.8 grams of cocaine, and assorted drug paraphernalia.
 
 
 3
 At trial, the district court initially expressed doubts as to whether Rose was a member of the conspiracy, rather than simply a buyer of the drugs. However, after the presentation of proof, the court found sufficient evidence that Rose was a member of a chain conspiracy to allow the case to be put to the jury. The court based its conclusion on the extended duration of Rose's involvement with the other conspirators, the fact that Rose had been "fronted" large amounts of cocaine, and the implicit understanding among the parties that Rose would resell the cocaine. The jury found Rose guilty on all counts. The court sentenced Rose to concurrent seventy month sentences on the cocaine charges and an additional sixty months on the gun charge.
 
 
 4
 Rose challenges the district court's finding of sufficient evidence to sustain his conviction for conspiracy, claiming that he was merely a customer of the conspirators. This Court will reverse the judgment of the district court because of insufficiency of the evidence only if, after reviewing all the evidence in the light most favorable to the government, no rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. United States v. Ellzey, 874 F.2d 324, 328 (6th Cir.1989). In circumstances such as these, where the existence of a conspiracy has been proven, "only slight evidence is necessary to connect a defendant with the conspiracy.... It is only necessary that a defendant know of the object of the conspiracy, associate himself with it, and knowingly contribute his efforts in its furtherance." United States v. Hitow, 889 F.2d 1573, 1577 (6th Cir.1989).
 
 
 5
 Rose contends that Robertson's testimony that Rose was not a partner, but rather a customer from whom Robertson profited, exonerates him as a matter of law from the conspiracy charges. While generally a buyer-seller relationship is not alone sufficient to tie a buyer to a conspiracy, additional evidence can infer a buyer's involvement in the conspiracy. United States v. Grunsfeld, 558 F.2d 1231, 1235 (6th Cir.) cert. denied, 434 U.S. 872, 98 S.Ct. 219, 54 L.Ed.2d 152 (1977). In this case that additional evidence includes Robertson's fronting of cocaine to Rose for resale, Rose's knowledge of the seven kilo scheme in general, and the one kilo delivery in particular. As this Court stated in United States v. Hitow, "evidence of credit sales and purchases of a large volume of drugs creates an inference of an on-going relationship with the conspiracy." United States v. Hitow, 889 F.2d at 1578. On these facts, this Court can not find, as a matter of law, that no rational trier of fact could have found the evidence sufficient to establish Rose's participation in the conspiracy.
 
 
 6
 Rose's claims as to selective prosecution and the application of the sentencing guidelines are without merit.
 
 
 7
 Accordingly, we affirm.